Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| FRANCISCO SOBRINO Y OTROS<br><br>Peticionarios<br><br>v.<br><br>SOL MELIÁ V.C. PUERTO RICO CORP. Y OTROS<br><br>Recurridos | TA2026CE00652 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.:<br>FA2020CV00545<br>Salón: 302<br><br>Sobre:<br>Daños y Otros |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de junio de 2026.

Comparecen el señor Francisco Sobrino, la señora Maritza Ramos y la señora Lizbeth Pérez Martínez, por sí y en representación de los miembros de la Clase Putativa, vía *certiorari,* a fin de solicitar que revoquemos la *Orden* del Tribunal de Primera Instancia, Sala Superior de Fajardo, emitida el 25 de marzo de 2026. En dicho dictamen, se resolvió sin lugar la solicitud de los peticionarios a fin de enmendar la demanda. Veamos.

Alrededor del 2004, la corporación Sol Meliá V.C. Puerto Rico Corp. comenzó una representación, promoción y oferta a todos los consumidores para que adquirieran membresías en el Sol Meliá Vacation Club (SMVC). Mediante esta membresía, los adquirentes se beneficiarían de varios derechos, tales como participar del Sol Meliá

Vacation Network (SMVN) y poder reservar unidades en distintos resorts dentro de la red, más el derecho de uso de las instalaciones del resort base o home resort por siete (7) días consecutivos por un término de cincuenta (50) años o veinticinco (25) años para miembros que optaron por un plan alterno, entre otras variaciones.

No obstante, luego del paso del Huracán María en el 2017, los miembros fueron informados de que Coco Condominium 1 LLC adquirió Sol Meliá y que, por consecuencia, el club de vacaciones sería operado por Aimbridge Hospitality y sería conocido como el Coco Beach Vacation Club (CBVC). Asimismo, el comunicado aseguró que los socios tendrían la capacidad de intercambiar su derecho de vacaciones en CBVC por el derecho de vacaciones en uno de los miles de resorts que también participaban en el programa de intercambio. En consecuencia, el CBVC no estaría afiliado a la red de vacaciones de Sol Meliá.

Por lo acontecido, el 20 de septiembre de 2020, los peticionarios presentaron una demanda sobre sentencia declaratoria, *injunction* preliminar y daños y perjuicios, entre otras causas de acción, contra Sol Meliá y Coco, toda vez que alegaron que incurrieron en incumplimiento contractual y, ante el continuado cobro de las cuotas de mantenimiento y demás cantidades relacionadas, se solicitó el cese y desista de cualquier enmienda, sustitución o alteración del plan vacacional.

Ahora bien, luego de la contestación de la demanda, el 8 de septiembre de 2022, las partes presentaron su *Informe Enmendado Conjunto para el Manejo de Caso* y en el cual Sol Meliá anunció como prueba sujeta a descubrimiento a la señora Omaira López, el señor Víctor Hugo Charco, el señor Ángel Luis Rodríguez Mendizábal, el

señor Antonio Báez Fornielis y la señora Ivonne Aguilera. Según luego alegan las partes recurridas, los peticionarios depusieron a la señora Omaira López el 4 de octubre de 2023 y a la señora Carmen L. Fernández Estébanez el 16 de noviembre de 2023; sin embargo, para 24 de junio de 2024 la parte peticionaria no había avisado toma de deposición alguna de los otros individuos o testigos anunciados por los recurridos. Luego del Tribunal recurrido denegar fijar la fecha solicitada por estos recurridos como límite para culminar el descubrimiento de prueba, el 27 de junio de 2024, tal foro ordenó a las partes reunirse dentro del término de diez (10) días. Más adelante, este foro concedió una petición de la parte peticionaria de extender la reunión de abogados como máximo el 9 de agosto de 2024.

No obstante, a pesar de estas nuevas oportunidades temporales, el 9 de enero de 2025, el Tribunal recurrido emitió *Orden de Mostrar Causa* para "que la parte [peticionaria] justifique la inactividad en el presente caso". En consecuencia, los peticionarios informaron que, el 1 de octubre de 2024, tomaron la deposición del señor Antonio Báez Fornielis, sin hacer mención alguna del señor Charco, el señor Rodríguez Mendizábal o la señora Aguilera en su moción o en los correos electrónicos anejados sobre la comunicación entre las partes. Cumplida la *Orden de Mostrar Causa*, el descubrimiento de prueba continuó y el 17 de marzo de 2025, los peticionarios solicitaron que se le ordenara a Sol Meliá producir al señor Ángel Luis Rodríguez Mendizábal para su toma de deposición, más hicieron referencia a que, para la fecha de su moción, la parte peticionaria había recibido:

> *Certificate of Corporate Resolution of Sol Meliá V.C. Puerto Rico,*" [sic] que indica que el señor [Mark] Hoddinott y el señor Rodríguez-Mendizabal [sic] eran las personas primordialmente autorizadas para realizar la venta del Sol Meliá Vacation Club, y […]

"*Unanimous Written Consent of the Board of Directors of Sol Meliá V.C. Puerto Rico*," [sic] que designa a los mismos para realizar la venta.

Asimismo, los peticionarios indicaron en la misma moción que "ambos documentos hacen referencia a una entidad previamente desconocida, Monarch Alternative Capital L.P., como el comprador".

Eventualmente, el Tribunal de Primera Instancia resolvió sin lugar luego de Sol Meliá argumentar que ésta no debería ser compelida a producir al dicho sujeto por este "no [ser] empleado o funcionario de [Sol Meliá], sino que es empleado de Meliá Hotels International (MHI) quien no es partes [sic] de esta demanda" y "tampoco es testigo anunciado por [Sol Meliá]". Dispuesto esto, el 2 de mayo de 2025, los peticionarios presentaron otra moción para que se le ordenara a Coco producir a su representante para la toma de deposición, haciendo mención en su escrito de que la relación de los recurridos con Monarch. Pronto después, el Tribunal recurrido resolvió sin lugar.

Acontecido lo anterior, el 24 de noviembre de 2025, el Tribunal recurrido emitió una *Orden* para indicar que las partes han llevado más de dos (2) años en el proceso de descubrimiento de prueba y, por efecto, el mismo se dará por culminado el 13 de febrero de 2026. Además, dicho foro apercibió a las partes que el descubrimiento de prueba que no se haya llevado a cabo para esa fecha no será considerado, por lo cual no se aceptarían mociones de prórrogas ni de reconsideración.

A base de lo ordenado, el 13 de febrero de 2026, los peticionarios solicitaron la extensión del descubrimiento de prueba y alegaron, entre otros asuntos, que el 24 de diciembre de 2018, Sol Meliá y Coco suscribieron un *Timeshare Purchase and Sale Agreement* (TPSA), y en la cual se reconoció y simultáneamente canceló todos los beneficios de

SMVN de los peticionarios. Además, se informó que el señor Antonio Báez Fornieles, durante una segunda deposición hecha el 16 de enero de 2026, admitió que él, el señor Rodríguez Medizábal, el señor Hoddinott y la señora Aguilera discutieron la legalidad de dar por cancelado unilateralmente los beneficios del SMVN y concluyeron que era factible, por lo cual Sol Meliá canceló dicho beneficio. Dispuesto esto, los peticionarios solicitaron al Tribunal que se le ordenara a Sol Meliá a producir como testigos a las personas referidas, más otra información solicitada, dentro de un periodo extendido de sesenta (60) días. En respuesta, el 17 de febrero de 2026 el Tribunal recurrido, mediante otra *Orden*, resolvió sin lugar conforme la *Orden* del 24 de noviembre de 2025, e igualmente el 21 de abril de 2026 declaró sin lugar la solicitud de reconsideración de los peticionarios.

Mientras que la *Orden* eventualmente advino final y firme, el 6 de marzo de 2026, los peticionarios presentaron una *Solicitud de Autorización para Enmendar la Demanda de Clase*, para añadir como parte demandadas a Meliá Hotels International, S.A. y Monarch Alternative Capital LP y modificar las alegaciones. Esto, por presuntamente haberse descubierto las identidades de las personas que dirigían realmente la operación del Club Meliá en Puerto Rico, los ejecutivos y entidades participaron en la negociación y estructuración de la transacción que culminó en la cancelación del sistema vacacional, igual que el modo como se utilizó una red de corporaciones interrelacionadas para ejecutar la venta del proyecto mientras se eliminaban los derechos contractuales de los miembros. Entre estos ejecutivos, los peticionarios incluyen al señor Rodríguez Mendizábal, el señor Charco, la señora Aguilera y el señor Hoddinott.

En oposición, Sol Meliá alegó que la parte peticionaria no satisfizo los criterios de la Regla 13.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), toda vez que la solicitud de enmienda de demanda constituyó un intento improcedente de reconfigurar tardíamente el caso luego de concluido el descubrimiento de prueba y por ocasionar un perjuicio indebido y sustancial a las partes recurridas. Evaluados los argumentos, el Tribunal recurrido resolvió sin lugar a la solicitud de enmendar la demanda. Ante la moción de reconsideración de la parte peticionaria, dicho foro declaró sin lugar.

Insatisfechos, los peticionarios recurren ante este Tribunal y alegan que el Tribunal de Primera Instancia erró al denegar la solicitud de autorización para enmendar la demanda mediante órdenes escuetas y no fundamentadas. Presentadas las oposiciones de las partes recurridas, resolvemos.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil, *supra*, como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones (4 LPRA. Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de*

*León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Ahora bien, cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Regla 13.1 de Procedimiento Civil, *supra*. Asimismo, las partes podrán enmendar sus alegaciones en cualquier otra circunstancia, pero únicamente con permiso del Tribunal o con la anuencia escrita de la parte contraria. Íd.; Véase *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184 (2012). Sin embargo, en última instancia, la procedencia de la enmienda queda en la sana discreción del tribunal adjudicador, por lo cual deberá demostrarse un claro abuso de discreción o un perjuicio manifiesto a la parte contraria para que se revoque tal proceder. *Cruz Fonseca v. UIPR*, 181 DPR 605 (2011) (citando a *SLG Sierra v. Rodríguez*, 163 DPR 738 (2005)); *SLG Font-Bardón v. Mini-Warehouse*, 179 DPR 322 (2010).

Así las cosas, la liberalidad concedida a los tribunales para enmendar una demanda no es infinita. Regla 13.1 de Procedimiento Civil, *supra*; *Colón Rivera v. Wyeth Pharm.*, *supra* (citando a *SLG Font-Bardón v. Mini-Warehouse, supra; Romero v. SLG Reyes*, 164 DPR 721 (2005); *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793 (1975)). Por el contrario, son cuatro los elementos a considerarse al momento de resolver si se autoriza una enmienda: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada. *Colón Rivera v. Wyeth Pharm., supra* (citando a *SLG Sierra v. Rodríguez*, *supra*). De ordinario, solamente se denegará la enmienda solicitada cuando entraña un perjuicio indebido a la parte concernida, o

cuando se presenta en un momento irrazonablemente tardío, con dicho perjuicio siendo el elemento de mayor relevancia. Íd.; *Consejo Cond. Plaza del Mar v. Jetter*, 169 DPR 643 (2006); *Torres Cruz v. Municipio de San Juan*, 103 DPR 217 (1975).

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya errado o abusado de su discreción al denegar la solicitud de los peticionarios con el propósito de enmendar la demanda. Por el contrario, del expediente se desprende que la parte peticionaria tuvo conocimiento de varias de las figuras que ahora toma como claves desde el 2022, esto es, el señor Víctor Hugo Charco, el señor Ángel Luis Rodríguez Mendizábal, el señor Antonio Báez Fornielis y la señora Ivonne Aguilera. Asimismo, para el 2024 la parte peticionaria depuso al señor Báez Fornielis y, por tanto, tuvo la oportunidad de dilucidar sobre las varias facultades y actividades realizadas por dicho deponente y sus colegas. Más aun, el expediente demuestra que los peticionarios advinieron en conocimiento de Meliá Hotels International, S.A. y Monarch Alternative Capital LP—además de la presencia del señor Mark Hoddinott en los hechos—y la relación de estos con el presente pleito por lo menos para principios del año 2025.

Por tanto, la parte peticionaria tuvo suficiente tiempo para deponer a los individuos significativos y para incluir a las referidas entidades jurídicas como codemandadas en el pleito. Luego, la falta de diligencia de los peticionarios comportó la presentación tardía de sus peticiones y el perjuicio eventual que los recurridos sufrirían frente a la posibilidad de atrasar el litigio por más de los seis (6) años que lleva pendiente a celebrar un juicio en su fondo. Ante estas circunstancias, el Tribunal de Primera Instancia no excedió el marco de su discreción al

denegar la enmienda a la demanda, sino que actuó de conformidad con los incidentes surgidos del expediente y correctamente en derecho.

Por los fundamentos expresados, se expide el auto de *certiorari* a fin de confirmar la actuación del Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones